

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

_____

*Connecticut Financial Center*        *(203)821-3700*
*157 Church Street, 25ᵗʰ Floor*        *Fax (203) 773-5376*
*New Haven, Connecticut 06510*        *www.justice.gov/usao/ct*

March 10, 2021

Daniel M. Erwin, Esq.
Assistant Federal Defender
Federal Defender's Office
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106

>    Re:    ***United States v. Edward Galpin***
>          **Case No. 3:21-cr-32 (JAM)**
>
>          ***United States v. Edward Galpin***
>          **Case No. 3:21-cr-26 (JAM)**

Dear Attorney Erwin:

This letter confirms the plea agreement between your client, Edward Galpin (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to Count One of the Information in Case. No. 3:21-cr-32 (JAM) ("Information No. 21-cr-32") charging him with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and to all counts of the Information in Case No. 3:21-cr-26 ("Information No. 21-cr-26"), specifically, Counts One and Two charging him with production of child pornography in violation of 18 U.S.C. § 2251(a)(1), and Count Three charging him with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

The defendant is pleading guilty to Count One of Information No. 21-cr-32 pursuant to Federal Rule of Criminal Procedure 20.

The defendant understands that, to be guilty of violating 18 U.S.C. § 2251(a), the following essential elements must be satisfied:

1.   The victim was under the age of eighteen;

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 2 of 21*

2. The defendant used, employed, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

3. The defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting foreign commerce; the visual depiction was produced using materials that had been mailed, shipped, or transmitted in or affecting interstate or foreign commerce by any means, including computer; or the visual depiction was actually transported or transmitted using any means or facility of interstate commerce or in or affecting interstate or foreign commerce.

The defendant understands that, to be guilty of violating 18 U.S.C. § 2252A(a)(2), the following essential elements must be satisfied:

1. The defendant knowingly distributed a visual depiction containing child pornography, as defined in 18 U.S.C. § 2256(8);

2. The visual depiction was distributed using any means or facility of interstate or foreign commerce, or had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

3. At the time of the distribution, the defendant knew that the visual depiction contained child pornography, as defined in 18 U.S.C. § 2256(8).

## **THE PENALTIES**

### Imprisonment

Count One of Information No. 21-cr-32 and Count Three of Information No. 21-cr-26, charging violations of 18 U.S.C. § 2252A(a)(2) and (b)(1), each carry a mandatory minimum penalty of 5 years of imprisonment and a maximum penalty of 20 years of imprisonment.

Counts One and Two of Information No. 21-cr-26, charging violations of 18 U.S.C. § 2251(a)(1), each carry a mandatory minimum penalty of 15 years of imprisonment a maximum penalty of 30 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of at least five years and up to life, to begin after any term of imprisonment. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 3 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release. However, if the

defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than 5 years of imprisonment. 18 U.S.C. § 3583(k).

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

<u>Fine</u>

Each count carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $400. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

<u>Additional Assessments</u>

The defendant understands that he is subject to additional assessments under 18 U.S.C. § 2259A(a), which will be used to fund the Child Pornography Victims Reserve. *See* 18 U.S.C. § 2259B. Specifically, pursuant to 18 U.S.C. § 2259A(a)(2), the Court may impose an assessment of up to $35,000 on each of Count One of Information No. 21-cr-32 and Count Three of Information No. 21-cr-26, for a total of up to $70,000. Additionally, pursuant to 18 U.S.C. § 2259A(a)(3), the Court may impose an assessment of up to $50,000 on Count Two of Information No. 21-cr-26.[1]

The defendant understands that in determining the assessment amount to impose under 18 U.S.C. § 2259A(a), the Court shall consider the factors set forth in sections 3553(a) and 3572. The assessment is payable immediately unless otherwise ordered by the Court. The defendant understands that any money received from the defendant shall be disbursed so that each of the following financial obligations is paid in full in the following sequence: (1) a special assessment under section 3013; (2) restitution to victims of any child pornography production or trafficking offense that the defendant committed; (3) an assessment under 18 U.S.C. § 2259A(a); (4) other orders under any other section of Title 18 of the United States Code; and (5) all other fines, penalties, costs, and other payments required under the sentence.

---

[1] The $50,000 assessment in 18 U.S.C. § 2259A(a)(3) does not apply to Count One of Information No. 21-cr-26 because that offense concluded before December 7, 2018.

The defendant is further obligated by 18 U.S.C. § 3014 to pay an additional special assessment of $5,000, unless the Court finds that the defendant is indigent. The Government reserves its right to argue at sentencing that the defendant is not indigent. The parties agree that if the Court finds that the defendant is not indigent and imposes the additional special assessment, the additional special assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional special assessment is based.

Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The defendant agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), that restitution is payable to all victims of his criminal and relevant conduct, including the conduct described in the attached stipulation of offense conduct, and not merely victims of the counts to which he agrees to plead guilty. The defendant agrees to make such restitution to each victim for the "full amount of the victim's losses," as that term is defined in 18 U.S.C. § 2259, including any mandatory minimum amounts of restitution under § 2259(b)(2). The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g). The forgoing interest, penalty, and fine provisions also apply to any assessments the Court imposes under 18 U.S.C. § 2259A.

Forfeiture

Pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit any interest he may have in an Apple iPhone 8 Plus, serial number F17VQ31AJCLQ (the "Forfeitable Property"). The defendant warrants that he is the sole owner of the Forfeitable Property. The defendant further acknowledges that the Forfeitable Property is subject to forfeiture as property used to commit or to promote the commission of illegal conduct giving rise to forfeiture.

The defendant agrees to waive all interests in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the Forfeitable Property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 5 of 21*

that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the Forfeitable Property covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 6 of 21*

condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

For Information No. 21-cr-26, Count One, production of child pornography, the parties calculate the offense level as follows:

| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
| --- | --- | --- |
| U.S.S.G. § 2G2.1(b)(2)(A) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(3) | The defendant knowingly engaged in distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6) | Use of misrepresentation or computer service | +2 |
|  | Offense Level | 38 |

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 7 of 21*

For Information No. 21-cr-26, Count Two, production of child pornography, the parties calculate the offense level as follows:

| U.S.S.G. § 2G2.1(a) | Base Offense Level | 32 |
|---|---|---|
| U.S.S.G. § 2G2.1(b)(1) | Minor aged 12 or older but under 16 | +2 |
| U.S.S.G. § 2G2.1(b)(6) | Use of misrepresentation or computer service | +2 |
| | Offense Level | 36 |

The offenses above are excluded from grouping. *See* U.S.S.G. § 3D1.2.

Count One of Information No. 21-cr-32 and Count Three of Information No. 21-cr-26, both charging distribution of child pornography, are grouped under U.S.S.G. § 3D1.2(d). The parties calculate the offense level for that group as follows, under § 3D1.3(b):

| U.S.S.G. § 2G2.2(a) | Base Offense Level | 22 |
|---|---|---|
| U.S.S.G. § 2G2.2(b)(2) | Prepubescent minor or a minor under 12 | +2 |
| U.S.S.G. § 2G2.2(b)(3)(B) | Distribution in exchange for any valuable consideration, but not for pecuniary gain | +5 |
| U.S.S.G. § 2G2.2(b)(4) | Material portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler | +4 |
| U.S.S.G. § 2G2.2(b)(5) | Pattern of activity involving the sexual abuse or exploitation of a minor | +5 |
| U.S.S.G. § 2G2.2(b)(6) | Use of a computer | +2 |
| U.S.S.G. § 2G2.2(b)(7)(D) | 600 or more images | +5 |
| U.S.S.G. § 3B1.1(c) | Organizer, leader, manager, or supervisor | +2 |
| | Offense Level | 47 |

The combined offense level is determined by taking the highest offense level above, i.e., Count Three of Information No. 21-cr-26, which is offense level 47, and increasing that level by the amount indicated in the table at U.S.S.G. § 3D1.4. Under that section, no levels are added

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 8 of 21*

because the other offenses are each 9 or more levels less serious than Count Three of Information No. 21-cr-26. *See* U.S.S.G. § 3D1.4. This results in a combined offense level of 47.

Five levels are then added under U.S.S.G. § 4B1.5(b) because the offenses of conviction are covered sex crimes, neither § 4B1.1 nor § 4B1.5(a) applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above. This results in a total offense level of 49 (effectively a level 43, the highest offense level in the guidelines).

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 43, assuming a Criminal History Category I, would result in a range of life imprisonment (sentencing table) and a fine range of $50,000 to $250,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 5 years to life. U.S.S.G. § 5D1.2.

The statutory maximum imprisonment is 20 years for each of Count One of Information No. 21-cr-32 and Count Three of Information No. 21-cr-26, and 30 years for each of Counts One and Two of Information No. 21-cr-26, resulting in a total combined statutory maximum of 100 years. Under U.S.S.G. § 5G1.2(d), the Court may impose a sentence on each of the counts to run consecutively to equal the total punishment.

Although the Government and the defendant agree that the Guidelines calculations set forth in this agreement are correct, the Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their rights to object to a departure or a non-Guidelines sentence. However, the defendant agrees that he is subject to a mandatory minimum term of imprisonment of 180 months, and therefore, he may not argue for a sentence below 180 months of imprisonment.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case,

including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

As noted above, the defendant consents to the disposition of Count One of Information No. 21-cr-32 in the District of Connecticut pursuant to Federal Rule of Criminal Procedure 20. He wishes to plead guilty and to waive trial in the District of Columbia, and he consents to the District of Connecticut's disposing of the case. A separate consent form to the Rule 20 procedures will be signed in open court by the defendant and his counsel and filed concurrent with this plea agreement.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of

limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 360 months of imprisonment, a term of supervised release of life, a $400 special assessment, a $250,000 fine, restitution in any amount, and forfeiture of the Forfeitable Property (defined above), even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## AGREEMENT REGARDING TRANSFER OF CERTAIN PROPERTY

The defendant agrees that the July 29, 2020 transfer of his interest in 1298 South Avenue, Stratford, Connecticut (the "Subject Property") by quitclaim deed recorded on the Stratford, Connecticut land records at Book 4399, Page 23, constitutes a fraudulent transfer within the meaning of 28 U.S.C. § 3304. The defendant agrees to restoring his interest in the Subject Property. Should the Government commence a fraudulent transfer action concerning the Subject

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 11 of 21*

Property, the defendant agrees and does hereby consent to judgment against him in such action for the purpose of restoring his interest in the Subject Property, and further agrees to cooperate with the Government in the prosecution of any such action and in the taking of any other steps necessary to restore his interest in the Subject Property. The defendant reserves the right to explain the purpose of the transfer at sentencing, and this paragraph is without prejudice to any such explanation.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 12 of 21*

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If he resides in Connecticut following his release from prison, he will be subject to the registration requirements of Conn. Gen. Stat. § 54-250 *et seq.* The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut and the District of Columbia as a result of his participation in the production and distribution of child pornography, which forms the basis of Information No. 21-cr-32 and Information No. 21-cr-26.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 13 of 21*

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

ROBERT S. RUFF
ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

EDWARD M. GALPIN                      3/10/21
The Defendant                         Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

DANIEL M. ERWIN, ESQ.                 3/10/21
Attorney for the Defendant            Date

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 14 of 21*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Information No. 21-cr-32 and Information No. 21-cr-26:

### Distribution of Child Pornography (Group of Count One of Information No. 21-cr-32 and Count Three of Information No. 21-cr-26)

Beginning as early as October 2019, the defendant, who resided in the District of Connecticut, was a member of a private chat group on the Kik messaging application, a means and facility of interstate commerce, that provided a forum for members to discuss their sexual interest in young children and exchange child pornography. An undercover law enforcement agent in the District of Columbia was also a member of that group, in order to monitor the distribution of child sexual abuse images through the group. On or about the dates noted below, the defendant knowingly distributed the following video files to the members of this private Kik group, including to the undercover agent in the District of Columbia, on the dates indicated, knowing that the files contained child pornography. These files form the basis of Count One of Information No. 21-cr-32.

| Date | Description |
|---|---|
| October 29, 2019 | Filename "IMG_2053," a video depicting sexual activity involving a prepubescent female. |
| October 29, 2019 | Filename "IMG_2055," a video depicting sexual activity involving a prepubescent female. |
| October 31, 2019 | Filename ending "fdf64f22," a video depicting sexual activity involving a prepubescent female. |
| October 31, 2019 | Filename ending "92318acd," a video depicting sexual activity involving a prepubescent female. |
| October 31, 2019 | Filename ending "481335a1," a video depicting sexual activity involving a prepubescent female. |

A warranted search of the defendant's Apple iPhone also revealed his membership in, and distribution of child sexual abuse images to, other groups on Kik. The search revealed that, from May to June of 2020, he was a group administrator for a group consisting of individuals who demonstrated a sexual interest in children. The group administrator could, among other things, promote other group members to administrators, kick out or ban other group members who had not shared child pornography, and change the group's name, and the defendant in fact performed some of those functions. He also requested live photos and videos of a child of a group member and asked other group members to recruit new members. For all these reasons,

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 15 of 21*

the defendant was an organizer, leader, manager, or supervisor of these Kik groups, whose purpose was to facilitate and promote the illegal exchange of child pornography. The illegal exchanges of child pornography in these groups were extensive.

The defendant also distributed child pornography in private Kik chats with other Kik users. For example, while in Connecticut, the defendant knowingly distributed the following videos via Kik to other Kik users, on the dates indicated, knowing that the files depicted child pornography. These files form the basis of Count Three of Information No. 21-cr-26.

| Date | Description |
|------|-------------|
| May 11, 2020 | Filename ending "e1695eo6," a video depicting sexual activity involving a prepubescent female. |
| May 11, 2020 | Filename ending "45ccd891," a video depicting sexual activity involving a prepubescent female. |
| May 11, 2020 | Filename ending "65d4eab5," a video depicting sexual activity involving a prepubescent female. |
| May 11, 2020 | Filename ending "c511fe47," a video depicting sexual activity involving a prepubescent female. |
| May 11, 2020 | Filename ending "343b9a7b," a video depicting sexual activity involving a prepubescent female. |

The defendant agrees that when he distributed child pornography via Kik, including in the instances described above, he did so in exchange for valuable consideration, specifically, child pornography from other Kik users.

The defendant also agrees that the seized iPhone contained far more than 600 images of child pornography. These included images and videos of prepubescent minors or minors who had not attained the age of 12. Some of the images and videos also portrayed sadistic and masochistic conduct, other depictions of violence, and sexual abuse or exploitation of toddlers. The defendant possessed these images and videos in or around June 2020 and knew at the time he possessed them that they depicted child pornography.

**Production of Child Pornography**
**(Counts One and Two of Information No. 21-cr-26)**

The defendant also used Instagram, a means and facility of interstate commerce, to identify young girls and communicate with them for the purpose of obtaining or producing child pornography. In at least two instances, which form the basis of Counts One and Two of Information No. 21-cr-26, the defendant used minors he identified and communicated with through Instagram to produce child pornography. Specifically, in one instance, around

September 2018, the defendant contacted a girl via Instagram direct message (**Minor Victim 1**). The defendant ascertained that Minor Victim 1 was 17 years old. He then arranged to meet with Minor Victim 1 in person. The defendant drove to Minor Victim 1's home in Connecticut and picked her up. While in the defendant's vehicle, the defendant used Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. The defendant then knowingly distributed images and videos of Minor Victim 1 via Kik to another Kik user, knowing that at least some of the files depicted child pornography. The defendant therefore used, persuaded, and enticed Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and he transmitted those visual depictions in interstate commerce.

In a second instance, around December 2019, the defendant contacted another girl via Instagram direct message (**Minor Victim 2**). The defendant knew that Minor Victim 2 was a minor and believed her to be 16 years old. The defendant used his iPhone to record video of his Instagram conversation with Minor Victim 2, and he sent her messages persuading, inducing, and enticing her to send sexually explicit images of herself to him. Then, while the defendant was video recording the Instagram conversation, Minor Victim 2 sent the defendant sexually explicit images of herself that the defendant knew constituted child pornography. Minor Victim 2 sent the images using Instagram's "self-destruct" feature, which automatically deletes the message after a short time. However, the defendant recorded a video of his receiving the images, so he could retain them after they self-destructed. Based on Minor Victim 2's date of birth and the created date for the images, she was 15 years old at the time. The defendant therefore used, persuaded, and enticed Minor Victim 2 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and he produced this visual depiction using his iPhone, which contained materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce.

### Defendant's Arrest and Analysis of iPhone

The defendant was apprehended following another attempt to meet with a minor girl. On June 18, 2020, the defendant sent a direct message through Kik to an account operated by undercover law enforcement posing as a 14-year-old girl. The defendant's message was unprompted and unsolicited by law enforcement. After the undercover stated that "she" was a 14-year-old girl, the defendant asked if the undercover would be free to meet, offered to bring the undercover coffee, and asked when "mom" would be away from home. The defendant then arranged to meet the undercover at a coffee shop in Connecticut, on a date he was told the mother would be away from the home. The defendant arrived at the scheduled time and place for the meeting, went through the coffee shop's drive-thru, and then proceeded to the parking lot across the street from the coffee shop. The defendant then sent Kik messages to the undercover misrepresenting his location, and then he drove his car to a different parking lot. Law enforcement then approached the defendant and seized his iPhone.

### Other Relevant Conduct

The defendant also received child pornography, around May to July 2019, from a minor girl he contacted via Instagram direct message (**Minor Victim 3**). The defendant ascertained that

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 17 of 21*

Minor Victim 3 was an 8th grade middle school student at the time. The defendant believed Minor Victim 3 to be 14 years old. Minor Victim 3 sent the defendant child pornography of herself, including a video, and other images of herself. The defendant received the video and images through Instagram, i.e., through the internet.

The defendant also used hidden or "spy" cameras to record videos of women and girls while they were undressing. Around July 2018, the defendant used a hidden camera to record video of **Minor Victim 4** without her knowledge. At the time he recorded the video, the defendant knew Minor Victim 4 was 17 years old. Then, around October 2019 and on several other occasions, the defendant distributed the video of Minor Victim 4 via Kik to other Kik users.

The defendant also used hidden cameras to video record an adult female while she was nude. The defendant distributed these videos numerous times via Kik, both in Kik groups and in private chats with other Kik users, including around May to June 2020 when he distributed the video in several Kik private chats with different users.

The defendant agrees that, based on the conduct described above, he has engaged in a pattern of activity involving the sexual abuse or exploitation of minors, and a pattern of activity involving prohibited sexual conduct.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
EDWARD M. GALPIN
The Defendant

_____
ROBERT S. RUFF
Assistant United States Attorney

_____
DANIEL M. ERWIN, ESQ.
Attorney for the Defendant

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 18 of 21*

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)     medical services relating to physical, psychiatric, or psychological care;

(B)     physical and occupational therapy or rehabilitation;

(C)     necessary transportation, temporary housing, and child care expenses;

(D)     lost income;

(E)     reasonable attorneys' fees, as well as other costs incurred; and

(F)     any other relevant losses incurred by the victim.

The defendant understands that pursuant to 18 U.S.C. § 2259(a)(2), the defendant must pay a mandatory minimum amount of restitution of $3,000 per victim of trafficking in child pornography, as defined in section 2259(c)(3) unless the victim has demonstrated losses of less than $3,000 or the victim already has recovered all of his or her demonstrated losses.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 19 of 21*

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.     **Comply with SORNA** – The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, *et seq.*) and any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

2.     **Sex Offender Treatment** – The defendant must participate in mental health treatment, with an emphasis on sexual offender treatment, as approved by the United States Probation Office, and must abide by the policies and procedures of the program, which may include polygraph testing. The defendant must pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.

3.     **Polygraph Examination** – The defendant must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his/her supervision following the completion of a sex offender treatment program. The defendant must pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

4.     **No Possession of Pornographic Materials** – The defendant must not view, purchase or possess any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos or video games depicting what are described as child pornography as defined in 18 U.S.C. § 2256(A).

5.     **No Contact with Minors** – The defendant must not have direct contact with any child he/she knows or reasonably should know to be under the age of 18 without permission of the probation officer. If applicable, the U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with the defendant's own children or relatives.

6.     **Financial Disclosure – Sex Offenders** – The defendant must provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

7.     **Place Restriction Under 18 Present** – The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8.     **No Contact with Sex Offenders** – The defendant must not associate or have contact with anyone the defendant knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a

*Daniel M. Erwin, Esq.*
*March 10, 2021*
*Page 20 of 21*

connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9.      **Employment / Volunteer Restriction – Sex Offender** – The defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10.     **Search / Seizure** – The defendant must submit the defendant's person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

11.     **Computer Search – Sex Offenders** – The defendant must submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

12.     **Monitoring – Sex Offenders** – The defendant must permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(A) and/or whether the defendant has been in contact with minors. The defendant must pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant must not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

13.     **Review of Electronic Devices – Sex Offenders** – To ensure compliance with the preceding monitoring condition, the defendant must allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet / Wi-Fi connection.

14.    **Third Party Risk** – If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

15.    **Disclosure of Computer-related Restrictions** – The defendant must consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

16.    **No Victim Contact** – The defendant must have no contact, direct or indirect, with Minor Victim 1, Minor Victim 2, Minor Victim 3, or Minor Victim 4, or any of those victims' family members by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through Facebook or other social media, or through any other form of electronic communication. The defendant agrees to permit the U.S. Probation Office to use monitoring software (described above) to determine whether the defendant has been in contact with Minor Victim 1, Minor Victim 2, Minor Victim 3, or Minor Victim 4, or any of those victims' family members.