# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Nos.: 3:21-cr-00026-JAM-1<br>3:21-cr-00032-JAM-1 |
| | USM No.: 02679-509 |
| V. | |
| EDWARD GALPIN | Robert S. Ruff, Neeraj Patel,<br>Assistant U.S. Attorneys |
| | Daniel Murphy Erwin, Defendant's Attorney |

Defendant pled guilty to guilty to Counts 1, 2, and 3 of the information in 3:21cr26-JAM and Count 1 of the information in 3:21cr32-JAM.

Accordingly, the defendant is adjudicated guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| Title 18, United States Code, §2251(a)(1) | Production of Child Pornography | September 2018 | 1 of the information in 3:21cr26-JAM |
| Title 18, United States Code, §2251(a)(1) | Production of Child Pornography | December 2019 | 2 of the information in 3:21cr26-JAM |
| Title 18, United States Code, §2252A(a)(2) | Distribution of Child Pornography | June 2020 | 3 of the information in 3:21cr26-JAM |
| Title 18, United States Code, §2252A(a)(2) | Distribution of Child Pornography | November 1, 2019 | 1 of the information in 3:21cr32-JAM |

The following sentence is a variance from the U.S. Sentencing Guidelines and is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
Defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 18 years on each count concurrently for a total effective sentence of imprisonment of 18 years.

**SUPERVISED RELEASE**
Upon release from imprisonment, Defendant shall be on Supervised Release for a total term of 10 years on each count of conviction concurrently.

The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed as agreed in the plea agreement.

1. The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, *et seq*.) and any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

2. The defendant must participate in mental health treatment, with an emphasis on sexual offender treatment, as approved by the United States Probation Office, and must abide by the policies and procedures of the program, which may include polygraph testing. The defendant must pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.

3. The defendant must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his supervision following the completion of a sex offender treatment program. The defendant must pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

4. The defendant must not view, purchase or possess any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos or video games depicting what are described as child pornography as defined in 18 U.S.C. § 2256(A).

5. The defendant must not have direct contact with any child he knows or reasonably should know to be under the age of 18 without permission of the probation officer. If applicable, the U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with the defendant's own children or relatives.

6. The defendant must provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

7. The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8. The defendant must not associate or have contact with anyone the defendant knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9. The defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10. The defendant must submit the defendant's person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

11. The defendant must submit all computers (as defined in 18 U.S.C. § 1030(e)(l)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

12. The defendant must permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(A) and/or whether the defendant has been in contact with minors. The defendant must pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant must not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

13. To ensure compliance with the preceding monitoring condition, the defendant must allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an internet/Wi-Fi connection.

14. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

15. The defendant must consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

16. The defendant must have no contact, direct or indirect, with Minor Victim 1, Minor Victim 2, Minor Victim 3, or Minor Victim 4, or any of those victims' family members by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through Facebook or other social media, or through any other form of electronic communication. The defendant agrees to permit the U.S. Probation Office to use monitoring software (described above) to determine whether the defendant has been in contact with Minor Victim 1, Minor Victim 2, Minor Victim 3, or Minor Victim 4, or any of those victims' family members.

**CRIMINAL MONETARY PENALTIES**

Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

    **Special Assessment:**    $400.00 to be paid to the Clerk of the Court

| | |
|---|---|
| **Fine:** | Waived |
| **Restitution:** | Ordered, a restitution order shall follow within 30 days |
| JVTA Assessment: | N/A |
| AVAA Assessment: | N/A |

It is further ordered that Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed: N/A

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
The Court recommends Defendant be designated to a facility offering sex offender programming, such as FCI Devens or FCI Elkton.

Date of Imposition of Sentence: May 20, 2022


\_\_/s/_____
Jeffrey A. Meyer, United States District Judge

Date: May 20, 2022

## CONDITIONS OF SUPERVISION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

1. You shall not commit another federal, state or local crime.
2. You shall not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*
6. ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                  Defendant                                                            Date

_____     _____
U.S. Probation Officer/Designated Witness                     Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** May __, 2022

By: _____
     Donna Barry, Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                                       Lawrence Bobnick
                                                                              Acting United States Marshal

                                                      By   _____
                                                                                             Deputy Marshal